FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 OCT 10 AM 8:12

U.S. DISTRICT COURT
N.D. OF ALABAMA

J. GORDON SANDERS,            }
individually, and d/b/a       }
SANDERS AVIATION,             }   CIVIL ACTION NO.
                              }   03-AR-1603-S
    Plaintiff,                }
                              }
v.                            }
                              }
UNITED STATES OF AMERICA,     }
                              }
    Defendant.                }


ENTERED
OCT 10 2003

### MEMORANDUM OPINION

Plaintiff, J. Gordon Sanders, individually, and d/b/a Sanders Aviation ("Sanders"), brings this action against defendant, the United States of America ("government"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, ("FTCA"). Sanders seeks damages for the negligent destruction of Sanders' property. Before the court is the government's motion to dismiss for lack of subject-matter jurisdiction.

#### Facts Stated in the Complaint and Undisputed

Sanders rented an airplane, a 1962 Beechcraft Baron A55, to Colonel Harold Evans Whaley of the Alabama Air National Guard for travel to and from Meridian Naval Air Station, Mississippi. On May 23, 2000, the aircraft crashed near Aliceville, Alabama, killing Col. Whaley and destroying the $145,000.00 aircraft. Col. Whaley was allegedly on official business during this travel. Sanders thereafter filed an administrative claim under the FTCA against the

1



United States Air Force ("USAF"). Sanders alleged that a known medical condition caused Col. Whaley to lose control of and crash the aircraft.

The USAF denied Sanders' claim on May 13, 2003. The USAF stated three grounds for its decision: (1) any damage to the aircraft sounded in contract, not tort; (2) Col. Whaley's travel orders did not authorize him to rent an aircraft; and (3) even if Col. Whaley had been authorized to rent an aircraft, the USAF would not be a party to the contract under applicable law. Following the denial, Sanders filed this action.

## Analysis

A bailment is a contractual relationship. Assumpsit is, therefore, a proper form of action between the bailor and the bailee in matters concerning the bailment. However, damage to or destruction, loss, or conversion of personal property belonging to another also sounds in tort, so that the common law has recognized that tort actions may also be appropriate in bailment cases if the bailee's violation of a duty or obligation imposed upon him by the bailment would constitute a tort under common-law principles. As Chief Justice Livingston explained in *Aircraft Sale & Service v. Gantt*, 255 Ala. 508, 52 So.2d 388 (1951), in the bailment context:

> The liability is not to be determined by the contract alone, but is rested on the bailor's duty beyond the contract. The duty of diligence of a bailor in such a bailment is an obligation imposed by law on one in his dealings with his fellows to refrain from acts of omission or commission which he may reasonably expect would result in injury to the bailee

2

>or others. In such a case the bailee may waive the contract and sue for the breach of duty.

*Id.* at 511, 391-92. A bailor, accordingly, has the choice of affirming the bailment contract and, waiving the tort, bringing an action *ex contractu*, or abandoning the contract and proceeding in an action *ex delicto*.

The government asserts that regardless of Sanders' right to assert a tort claim, the relationship between Sanders and Col. Whaley was contractual. The FTCA provides this court subject-matter jurisdiction in cases brought against the United States on claims:

>for injury or **loss of property**, or personal injury or death **caused by the negligent** or wrongful **act or omission of any employee** of the Government while **acting within the scope of his** office or **employment**.

28 U.S.C. § 1346(b)(1). There have been occasions in which plaintiffs dressed their contractual claims, "like a wolf in sheep's clothing," as tort claims in order to qualify under the FTCA. *See, e.g.*, *Davis v. U.S.*, 961 F.2d 53, 56 (5th Cir. 1991); *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341 F.2d 351, 357-58 (5th Cir. 1965); *United States v. Smith*, 324 F.2d 622, 625 (5th Cir. 1963); *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir.1963). The government asserts that this is such a case.

The government relies on *United States v. Smith*, 324 F.2d 622 (5th Cir. 1963). There, subcontractors brought a materialman's suit against the government for failing to assure that a general

3

contractor had posted the payment bond required by the Miller Act. The contractor became insolvent and the subcontractors were left unpaid for their work. Under Georgia law, the government's failure to assure that a bond had been posted subjected it to a tort claim for breach of a legal duty. *Id.* 622-23. The former Fifth Circuit held that the sovereign immunity waiver in the FTCA did not waive the government's immunity when the tort is based on contract:

> Many breaches of contract can also be treated as torts. But in cases such as this, **where the "tort" complained of is based entirely upon breach by the government of** a promise made by it in **a contract**, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Tort Claims Act.

*Id.* at 625 (emphasis added). Smith's claims amounted to nothing more than a suit against the government for the contract price of construction.

The FTCA waives the government's immunity from traditional torts of negligence. It provides that the tort liability of the government is the same as that of a private individual. 28 U.S.C. § 2674. Loss of property is expressly recognized as an actionable claim. 28 U.S.C. § 1346(b)(1). While courts lack jurisdiction under the FTCA to entertain suits which are in substance breach of contract claims, like the claims in *Smith*, Sanders' claim is not "based entirely upon breach by the government of ... a contract." *Smith*, 324 F.2d at 625. Sanders suffered property damage. The mere fact that proving damages in a contract action would require

4

the same proof as in a tort action does not change this fact. Although a contractual relationship was arguably present here, Sanders could have brought this suit if no contract had ever been formed. The position the USAF took in denying Sanders' claim makes it appear that if Sanders had filed a contract action in the Court of Claims, the government would be denying the existence of a contract, implicitly or expressly pointing to this court as the proper forum.

In *Patterson and Wilder Construction Co., Inc. v. United States*, 226 F.3d 1269, 1273-74 (11th Cir. 2000), the Eleventh Circuit was faced with a case substantially similar to this one. There, an aircraft owner sued the government pursuant to the FTCA for destruction of its aircraft, which was leased to joint Customs-United States Drug Enforcement Administration undercover operation. 226 F.3d at 1272. The government moved to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment. *Id.* The government's primary argument was that the individuals who contracted to lease the aircraft were not federal employees. *Id.* The court there had no hesitancy in presiding over the FTCA action. By ruling on the summary judgment motion the court implicitly denied the motion to dismiss and found subject-matter jurisdiction. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999) (noting that "it is well settled that a federal court is obligated to inquire into

5

subject-matter jurisdiction *sua sponte* whenever it may be lacking"). In fact, the court there determined that under the FTCA whether the individuals who leased the aircraft were "acting on behalf of a federal agency," as defined in 28 U.S.C. § 2671, was a question of fact that could not be resolved by summary judgment. 226 F.3d at 1274. The Eleventh Circuit would have ordered the dismissal of the action *sua sponte* in *Patterson* if subject-matter jurisdiction had been lacking. The initial jurisdictional issue had entirely evaporated.

The facts in this case are so similar to those in *Patterson* that this court is led by *Patterson* to a finding that it has subject-matter jurisdiction over the instant case under the FTCA. Sanders adequately states a tort claim that is not barred by the sovereign immunity expressly waived by the FTCA.

If Sanders loses on the merits of his tort claim in this court, he will have given up any right he might have otherwise had to file a contract claim in the Court of Claims. He has made his forum and theory choice, wise or not.

### Conclusion

By separate order, the court will deny defendant's motion to dismiss.

DONE this 9th day of October, 2003.

                                       /s/ William M. Acker, Jr.
                                       WILLIAM M. ACKER, JR.
                                       UNITED STATES DISTRICT JUDGE